IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL OLIVARES, Sr.,

    Plaintiff,

  v.

SEARS HOLDING CORP., *et al.*,

    Defendants.

    /

No. C 09-1068 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; DENYING DEFENDANTS' MOTION TO DISMISS, WITHOUT PREJUDICE TO RENEWAL IN STATE COURT; AND REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT**

    Plaintiff's motion for remand and defendants' motion to dismiss are scheduled for a hearing on May 29, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion for remand and DENIES defendants' motion to dismiss, without prejudice to renewal in state court.

**BACKGROUND**

    Plaintiff Daniel Olivares, Sr. filed this lawsuit on February 9, 2009 in Alameda County Superior Court. The complaint alleges three disability discrimination claims under the California Fair Employment and Housing Act, as well as claims for defamation and intentional infliction of emotional distress.

The complaint alleges that plaintiff started employment with Sears on August 3, 2006 as an "In House Marketing Supervisor." Compl. ¶ 14. Plaintiff alleges that he experienced neck and lower back issues, and that in April 2007 his doctor prescribed him muscle relaxers and pain medication. *Id*. ¶ 15. The complaint alleges that plaintiff could not use the prescribed medicine because of the driving he was required to do for his job, and that "[t]he medication made him too lethargic, and there was no way he could keep up with the pressures and demands of the job." *Id*. ¶ 16. Plaintiff alleges that in August 2007, his doctor told him he could not work out in the field or do the extensive driving that was required by Sears, and that he could work only from home for a few weeks. *Id*. However, "[b]ecause of the pressures and demands made by his superiors at Sears, Plaintiff continued to drive and do his job duties, and completed interviews and training in the field, (in-store), even though he had doctor's orders not to continue working." *Id*. ¶ 17.

The complaint alleges that plaintiff continued to have medical problems, and was eventually diagnosed with having a tumor on his spine which caused plaintiff "tremendous pain when sitting or trying to walk." *Id*. ¶ 18. Plaintiff's doctor put him on "light duty" and gave him other physical restrictions. *Id*. The complaint alleges that plaintiff's supervisors, including defendant Crooks, knew about plaintiff's medical restrictions "but continued to keep the pressure on Plaintiff, as he was still working 7 days a week from home, and still going out in the field occasionally." *Id*. ¶ 20.

In January 2008, plaintiff's doctor told him that he needed to have a spinal surgery to remove the tumor. *Id*. ¶ 22. Plaintiff was told that he would be taken off of work completely, and put on state disability. *Id*. Shortly before his surgery in March 2008, defendant Crooks informed plaintiff that his position with Sears had been posted and that plaintiff would be replaced, but that after plaintiff was recovered and released to come back to work, "they would find a comparable job with comparable pay for him, and/or that Plaintiff would get his old position back." *Id*. ¶ 24. Plaintiff was released to go back to work on June 4, 2008, and alleges that he repeatedly called Crooks, another supervisor, and an individual at Human Resources, but that no one returned his phone calls. *Id*. ¶ 25.

The defamation claim is based on the following allegations. Plaintiff alleges that he applied for a Sears Home Improvement sales position, and shortly thereafter received a letter stating he didn't meet the physical requirements of the position. *Id*. ¶ 26. According to the complaint, plaintiff was told that

2

Crooks had called the Livermore, California sales office and "told them not to even bother interviewing Plaintiff because he was disabled." *Id*. Plaintiff alleges that Crooks made the statement with malice and ill will, and that he knew the statement was false because plaintiff was able to do the job. *Id*. ¶¶ 54-62.

## LEGAL STANDARD

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

The party that seeks to remain in federal court has the burden of proof on a motion to remand to state court. *See Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

Fraudulent joinder is one exception to the requirement of complete diversity under 28 U.S.C. 1332. Fraudulent joinder "is a term of art" used to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In order to prove fraudulent joinder, the defendant must prove that the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe*, 811 F.2d at 1339). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Prop. & Cas. Ins.* Co., 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

## DISCUSSION

Plaintiff contends that he has stated a defamation claim against California resident defendant Crooks, and therefore that there is no diversity jurisdiction.[1] Defendants contend that Crooks was fraudulently joined because the defamation claim is barred by California Civil Code Section 47(c). That section provides a qualified privilege for communications concerning job performance or qualifications made without malice. California Civil Code Section 47(c) states:

> A privileged publication or broadcast is one made:
>
> . . .
>
> (c) In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee. This subdivision shall not apply to a communication concerning the speech or activities of an applicant for employment if the speech or activities are constitutionally protected, or otherwise protected by Section 527.3 of the Code of Civil Procedure or any other provision of law.

Cal. Civ. Code § 47(c).

Defendants contend that Crooks' purported defamatory statement was a privileged communication about plaintiff's qualifications for a job at Sears Home Improvement Products, and thus that plaintiff cannot state a defamation claim against Crooks. However, plaintiff alleges that the statement was false because plaintiff was qualified for the position, and that Crooks made the statement knowing it to be false and with malice and ill will. Whether the allegedly defamatory statement is privileged involves factual inquiries about Crooks' state of mind. *See Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1370 (2001) ("The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will

---

[1] The complaint also alleges a defamation claim against California resident defendant Ken James, and claims for intentional infliction of emotional distress against James and Crooks. Plaintiff's motion for remand focuses solely on the defamation claim against Crooks, and accordingly the Court limits its analysis to that claim.

towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights. . . . [M]alice focuses upon the defendant's state of mind, not his or her conduct.") (internal citations and quotations omitted). Indeed, most of the cases cited by the parties regarding the applicability of the privilege were decided on summary judgment or after a trial. *See id.* (summary judgment); *see also Cruey v. Gannett Co., Inc.*, 64 Cal. App. 4th 356 (1998) (summary judgment); *Biggins v. Hanson*, 252 Cal. App. 2d 16 (1967) (trial).

Defendants also contend that plaintiff has not sufficiently alleged "actual malice" to defeat the qualified privilege. The Court agrees with defendants that the complaint does not allege "detailed facts showing defendant's ill will" toward plaintiff, *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990), and thus that plaintiff should amend the complaint to allege these facts. This pleading deficiency, however, does not mean that Crooks has been fraudulently joined. *See Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.").[2]

Finally, defendants contend that plaintiff cannot state a defamation claim because the statement regarding plaintiff's inability to work because of his disability was an opinion, not fact. Plaintiff argues that the statement was made as a fact, namely that plaintiff was unable to work due to a physical disability. The Court finds that whether the allegedly defamatory statement was made as an opinion or as assertion of fact is a factual inquiry that cannot be determined on the pleadings. *See Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 970 (1993) (affirming nonsuit, and noting that "the dispositive question . . . is whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion. . . . The court examines the communication in light of the context in which it was published. The communication's meaning must be considered in reference to relevant factors, such as the occasion of the utterance, the persons addressed, the purpose to be served, and all of the circumstances attending the publication.") (internal citations and quotations omitted).

---

[2] Because the Court is remanding this case to state court, the Court does not address defendants' other arguments in support of the motion to dismiss. Defendants may renew that motion in state court.

**CONCLUSION**

Accordingly, the Court concludes that plaintiff can state a defamation claim against Crooks, and therefore that there is no diversity jurisdiction. The Court GRANTS plaintiff's motion for remand and REMANDS this action to the Superior Court for the County of Alameda. The Court DENIES defendants' motion to dismiss, without prejudice to renewal in state court. (Docket Nos. 12 & 13). The Court DENIES plaintiff's request for attorneys' fees, finding that there was an objectively reasonable basis for removal. The Clerk shall remand

**IT IS SO ORDERED.**

Dated: May 27, 2009

SUSAN ILLSTON
United States District Judge